UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ASHLEY WINTERS                                                                                    PLAINTIFF

v.                                              CASE NO. 2:19-cv-02139

MINERVA SURGICAL, INC.                                                                      DEFENDANT

### ORDER

Before the Court is the parties' renewed joint motion (Doc. 21) for a protective order and a proposed protective order (Doc 21-1). The parties represent that discovery may require the disclosure of documents containing "sensitive, confidential commercial information, including trade secrets or other confidential research, development, or commercial information" regarding Defendant's medical device. (Doc. 21, p. 1, ¶ 1). The parties ask for a protective order prohibiting the unauthorized disclosure of this information, as well as personnel records and medical records. For the reasons set forth below, the Court will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents

containing competitively sensitive, trade secret, or other proprietary information.  Trade secrets and other confidential commercial information fall squarely within the ambit of Rule 26(c).  "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'"  *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)).  The parties agree to the protection of confidential commercial information, so protection of that information will neither impair prosecution nor the defense of claims.  Good cause exists for the entry of a protective order regarding documents containing competitively sensitive, trade secret, or other proprietary information.

The parties have also shown good cause for the entry of a protective order as to personnel files.  Personnel files are likely to contain confidential and personal information which justify the protections of a protective order before dissemination.  *Nuckles v. Wal-Mart Stores, Inc.* 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *see also Williams v. Bd. Of Cnty. Comm'rs*, 2000 WL 133433 at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination").  Good cause also exists for protection of medical records.  Federal law generally prohibits the disclosure of the protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat.1936 (also known as "HIPPA") allows disclosure of this information for purposes of litigation where a protective order is in place.  *See* 45 C.F.R. § 164.512(e)(v)(A).

Good cause otherwise exists for protection of any information protected from disclosure by any applicable law.  Having found good cause exists as demonstrated above, the Court will

enter a revised protective order.

IT IS THEREFORE ORDERED that the parties' joint motion (Doc. 21) for entry of a protected order is GRANTED.

IT IS SO ORDERED this 24th day of July, 2020.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
U.S. DISTRICT JUDGE